[Cite as *State v. Sanchez*, 2020-Ohio-1171.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.     19CA011507 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK SANCHEZ | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.     16CR094749 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2020

HENSAL, Judge.

{¶1}   Mark Sanchez appeals his convictions in the Lorain County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}   The Grand Jury indicted Mr. Sanchez for aggravated murder, murder, aggravated robbery, aggravated burglary, felonious assault, and obstruction of justice.  In exchange for the dismissal of the aggravated murder and murder charges, Mr. Sanchez agreed to plead guilty to the remaining counts and agreed to an aggregate sentence of 14 years.  The trial court accepted Mr. Sanchez's guilty plea and sentenced him to a total of 14 years imprisonment.  Mr. Sanchez has appealed, assigning as error that his trial counsel was ineffective.

II.

ASSIGNMENT OF ERROR

MR. SANCHEZ'S GUILTY PLEA IS VOID AS HE RECEIVED INEFFECTIVE
ASSISTANCE OF COUNSEL IN THE PLEA NEGOTIATION PROCESS.

{¶3} Mr. Sanchez argues that his trial counsel provided ineffective assistance of counsel at the plea hearing when he mistakenly told the court that the plea agreement Mr. Sanchez had reached with the State precluded Mr. Sanchez from being eligible for judicial release. To prevail on a claim of ineffective assistance of counsel, Mr. Sanchez must establish (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). To establish prejudice, Mr. Sanchez must show that there existed a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶4} We will begin with the prejudice prong because it is dispositive. *State v. Loza*, 71 Ohio St.3d 61, 83 (1994). According to Mr. Sanchez, he is subject to a longer sentence than he ought to have been because his counsel did not clarify his eligibility for judicial release. Revised Code Section 2929.20(C) provides that "[a]n 'eligible offender' may file a motion for judicial

release with the sentencing court" at certain prescribed times depending on the length of the offender's nonmandatory sentence. Mr. Sanchez does not identify anything that his counsel said that disqualifies him from being an "eligible offender" under Section 2929.20(A). Mr. Sanchez notes that, although his counsel agreed with the trial court at the plea hearing that "judicial release is not considered a part of this case[,]" the judge did not ask him directly whether he agreed with that assessment at the time he changed his plea. We note that, when the Court asked the prosecutor whether "this [is] an agreed sentence that has to be served completely," the prosecutor replied only that "[i]t's an agreed sentence." In addition, the written plea agreement that is in the record does not mention judicial release or indicate that Mr. Sanchez will be ineligible for judicial release. The agreement only provides that the parties have agreed to an "aggregate sentence of 14 years." The trial court's sentencing entry also does not provide that Mr. Sanchez's entire sentence is mandatory.

{¶5} Upon review of the record, we conclude that Mr. Sanchez had not established that he has or will be prejudiced by the statement that his counsel made before he entered his guilty plea. Accordingly, we conclude that Mr. Sanchez has failed to establish ineffective assistance of his trial counsel. Mr. Sanchez's assignment of error is overruled.

III.

{¶6} Mr. Sanchez's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶7} I concur in judgment only on the basis that this Court cannot consider anything outside the appellate record on direct appeal. The issue raised by Sanchez is more appropriate for post-conviction relief.

APPEARANCES:

LEIGH S. PRUGH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.